## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

| | |
|---|---|
| **VANESSA BLANC** | **CASE NO.  6:25-CV-02010** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **JERUE LOGISTICS SOLUTIONS LLC ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## REPORT AND RECOMMENDATION

The Court is called upon to identify which of Plaintiff's claims remain after the parties' circuitous pleadings from the Southern District of Texas to this Court and whether any such claims should be dismissed. Before the Court are the following:

- Defendants' Motion to Dismiss (Rec. Doc. 34), which Plaintiff opposed (Rec. Doc. 47);

- Plaintiff's Motion for Abstention and Stay of Further Proceedings (Rec. Doc. 49), which Defendant opposed (Rec. Doc. 50); and

- Plaintiff's Motion for Reconsideration (Rec. Doc. 64), in which she asks the Court to reconsider Judge Summerhays's Order (Rec. Doc. 62) denying her Motion to Alter or Amend Judgment (Rec. Doc. 32) and Motion for Relief from Judgment (Rec. Doc. 39), regarding the transferor Court's ruling denying her Amended Motion to Remand (Rec. Doc. 27). Defendant, John J. Jerue Truck Broker, Inc., opposed the motion. (Rec. Doc. 67).

The motions were referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636

and the Court's standing orders. Considering the evidence, the law, and the parties' arguments, and for the following reasons, the Court recognizes one remaining defendant, John J. Jerue Truck Broker, Inc., and recommends that the case be stayed until the Supreme Court decides the determinative issue.

## Facts and Procedural History

Plaintiff, Vanessa Blanc, a Texas resident, filed this suit in Texas state court following a March 2020 accident in Lafayette, Louisiana involving an eighteen-wheeler. This is her second suit arising from the accident. In both suits Plaintiff sued the driver, Rolando Ramirez, Jr. (individually and in his capacity as sole proprietor of Nolan Logistics, referred to collectively as "Ramirez/Nolan"), and four Jerue entities as the alleged broker(s) which had coordinated Ramirez's delivery: John J. Jerue Truck Broker, Inc. ("JJJ Broker"); Jerue Logistics Solutions, LLC; John J. Jerue Transportation, Inc.; and Jerue Freight Services, Inc. (latter three Jerue entities referred to as "the removing Jerue entities"). (Rec. Doc. 1, p. 28-34). The Jerue Defendants are Florida residents (Rec. Doc. 1, p. 24). Ramirez/Nolan is an unserved defendant whom the parties identify as a Texas resident.

Plaintiff filed the first suit as a result of the accident on February 10, 2021, in Hidalgo County, Texas. (Case No. C-0598-21-M, "*Blanc I*"). (Rec. Doc. 1, p. 13-18). In that suit, her claims against the three removing Jerue entities were dismissed on summary judgment. (Rec. Doc. 1, p. 10). Thereafter, in November 2024, the

2

remaining parties (Plaintiff, Ramirez/Nolan, and JJJ Broker) entered a Tolling Agreement whereby Plaintiff agreed to dismiss the suit without prejudice and Defendants agreed to toll the limitations period and to permit Plaintiff to refile all claims so that the parties could pursue settlement. They also agreed that any refiled suit would be litigated in Hidalgo County. (Rec. Doc. 13-3). Pursuant to the Tolling Agreement, Plaintiff filed a Nonsuit without Prejudice, asking the Texas court to dismiss the suit without prejudice.  Plaintiff reserved her claims in other lawsuits against all Defendants and potential parties. (Rec. Doc. 1, p. 20). In February 2025 she settled her claims against Ramirez/Nolan for policy limits. (Rec. Doc. 13, p. 4-5; Rec. Doc. 13-9).

Nevertheless, following settlement, in February 2025 Plaintiff filed the instant suit in Hidalgo County against Ramirez/Nolan and all four Jerue entities. (Rec. Doc. 1, p. 27). In April 2025, three of the four Jerue entities, Jerue Logistics Solutions, Jerue Freight Services, and John J. Jerue Transportation, removed the instant case to Texas federal court asserting diversity jurisdiction. The removing Jerue entities asserted that Plaintiff's claims against Ramirez/Nolan, the local Texas defendant, were improperly joined, because A) Plaintiff had settled her claims against Ramirez/Nolan in *Blanc I;* and B) her claims against the three removing Jerue entities had been dismissed on summary judgment in *Blanc I*. Only her claims against John J. Jerue Truck Broker, Inc. ("JJJ Broker") were not resolved in *Blanc I*.

3

After removal of the instant suit to the Southern District of Texas, the removing Jerue Defendants answered this suit with a motion to dismiss and counterclaim, arguing that Plaintiff's claims against any broker were preempted by federal law and seeking attorney's fees and costs for Plaintiff's filing of a frivolous suit, when her claims against these Defendants had already been dismissed. (Rec. Doc. 4). They also moved to transfer the case from the Southern District of Texas to this district, encompassing Lafayette, where the accident occurred. (Rec. Doc. 10).[1] Shortly thereafter, Plaintiff moved to remand to Texas state court. (Rec. Doc. 12; 13). Judge Crane of the Southern District of Texas denied Plaintiff's amended motion to remand. (Rec. Doc. 27).

Meanwhile, in June 2025, Plaintiff dismissed her claims in the instant case against the three removing Jerue Defendants, reserving her claims against JJJ Broker and Ramirez/Nolan (Rec. Doc. 26; Order granting motion at Rec. Doc. 37). In August 2025, the Jerue Defendants (three of which were later voluntarily dismissed) re-urged their previously filed motion to dismiss based on preemption. (Rec. Doc. 34).

---

[1] The Jerue Defendants later decided not to pursue the motion to transfer (Rec. Doc. 44), though, as discussed below, Plaintiff nevertheless moved to transfer a few months later (Rec. Doc. 51).

In August 2025, Plaintiff moved to alter judgment and for relief from judgment, urging the Court to reconsider its prior judgment denying her amended motion to remand (Rec. Doc. 32 and 39). In October 2025, she moved the Court to abstain and stay this suit pending the outcome of a pending Supreme Court case regarding the preemption issue (Rec. Doc. 49). In November 2025, she moved to transfer venue to this Court (Rec. Doc. 51), and the case was accordingly transferred (Rec. Doc. 53).

Upon transfer to this Court, Judge Summerhays denied Plaintiff's Motion to Alter or Amend Judgment and Motion for Relief from Judgment as moot and referred the matter to the undersigned to determine whether Plaintiff is still pursuing claims against Ramirez/Nolan. (Rec. Doc. 62). Judge Summerhays also referred Defendants' Motion to Dismiss (Rec. Doc. 34) and Plaintiff's Motion for Abstention (Rec. Doc. 49) to the undersigned. Plaintiff then moved for reconsideration of Judge Summerhays's order denying her motion to alter/amend/relief for judgment as moot. (Rec. Doc. 64). Judge Summerhays referred the motion for reconsideration to the undersigned. Accordingly, the Court is tasked with resolving the following intertwined issues:

- Which Defendants remain, and whether any of them should. (Defendants' Motion to Dismiss at Rec. Doc. 34).

- Whether Judge Crane's denial of Plaintiff's Amended Motion to Remand (Rec. Doc. 27) should be re-visited (Plaintiff's Motion to Alter or Amend

Judgment at Rec. Doc. 32 and Motion for Relief from Judgment at Rec. Doc. 39). In other words, should the case be remanded?

- Whether the Court should abstain from considering and/or stay the case as to any remaining claims. (Plaintiff's Motion for Abstention and Stay of Further Proceedings at Rec. Doc. 49).

## Law and Analysis

### I.    Who are the remaining Defendants?

In an August 2025 joint status report, Plaintiff stated that she intends to proceed with claims against JJJ Broker and Ramirez/Nolan. (Rec. Doc. 40). Plaintiff voluntarily dismissed her claims against the three removing Jerue Defendants. (Rec. Doc. 37; 40). The only remaining Jerue Defendant, JJJ Broker, contends that Ramirez/Nolan was improperly joined, because Plaintiff previously settled her claims against him and agreed to voluntarily nonsuit the case without prejudice.

In considering Plaintiff's Amended Motion to Remand, Judge Crane stated that "Plaintiff does not dispute that Ramirez and Nolan were improperly joined or that complete diversity exists between the remaining parties." (Rec. Doc. 27, p. 2). Indeed, Plaintiff stated in her Amended Motion to Remand that the settlement was based in part on Defendant(s)' inability to locate Ramirez and obtain his cooperation. (Rec. Doc. 13, p. 4). In her Motions to Alter or Amend Judgment (Rec. Doc. 32) and Motion for Relief from Judgment (Rec. Doc. 39), she makes no argument concerning

6

Ramirez/Nolan's status as an unserved, improperly joined defendant.[2] Thus, although she claims to still pursue claims against Ramirez/Nolan, she has waived that position. *Audler v. CBC Innovis Inc.,* 519 F.3d 239, 255 (5th Cir. 2008) ("A party "waives an issue if he fails to adequately brief it[, and t]hough pro se litigants' briefs are liberally construed so as to avoid waiver of issues, the indulgence for parties represented by counsel is necessarily narrower.") Plaintiff, represented by counsel, offered no evidence or argument as to why Ramirez/Nolan is a proper defendant justifying remand.

Plaintiff's primary argument in support of her motions to alter/amend/for relief from judgment is that the parties' Tolling Agreement in *Blanc I* barred Defendants from removing to federal court. In the Tolling Agreement, Plaintiff's counsel and Erich Schenk (identified as Defendants' former counsel) on behalf of Ramirez/Nolan and JJJ Broker agreed that 1) Plaintiff would dismiss *Blanc I* and nonsuit without prejudice; 2) Defendants would toll the limitations period; 3) Defendants would permit Plaintiff to re-file all claims; and 4) should the case end

---

[2]    In its opposition to Plaintiff's motion for reconsideration, JJJ Broker attached affidavits of service which Plaintiff apparently filed in the state court proceedings on August 7, 2025, *after* the case had been removed and contemporaneously with transfer to this Court. (Rec. Doc. 67-10). The Court disregards these affidavits for the purpose of resolving the instant motions. 28 U.S.C. §1446(d) (providing that upon removal, the state court shall proceed no further); *Moore v. Louisiana ex rel. Ins. Rating Comm'n (LIRC),* 459 F. Supp. 2d 504, 507 (M.D. La. 2006), citing *Meyerland Co. v. Fed. Deposit Ins. Corp.,* 910 F.2d 1257, 1263 (5th Cir.1990). ("Once an action is removed, the state court no longer has jurisdiction.").

up in a court other than the originating court, Plaintiff would agree to any requests to transfer the case to the originating court (Hidalgo County). The Tolling Agreement explicitly states: "It is the intent of the parties and their counsel to litigate this case in Hidalgo County and the parties agree[] to the nonsuit and refiling of this matter in Hidalgo County as to Defendants with waiver of defenses as identified herein or as otherwise prohibit refiling." (Rec. Doc. 39-2). Based on the foregoing agreement, Plaintiff argues that Defendants were foreclosed from removing this case to federal court. Much of the dispute relative to the Tolling Agreement concerned whether attorney Schenk had agreed on behalf of the three non-signatory Jerue entities (the three removing Jerue Defendants) to litigate a later filed suit in Hildalgo County; however, Plaintiff subsequently voluntarily dismissed those three Defendants. (Rec. Doc. 37). Whether the three removing Jerue entities were permitted to remove is thus moot.[3]

The only remaining Defendant, JJJ Broker, had not been served at the time of the other three Defendants' removal, and therefore did not give consent. (See Judge

---

[3]   Plaintiff's argument that the removing Jerue entities untimely removed is also without merit. According to the state court record, the removing Jerue entities were served on March 18 and 19, 2025. (Rec. Doc. 1, p. 27). They timely filed the notice of removal within thirty (30) days on April 11, 2025 (Rec. Doc. 1).

Crane's discussion in Rec. Doc. 27, p. 2-3).[4] As of Judge Crane's July 3, 2025 ruling, JJJ Broker had still not been served, and the Court has not identified any evidence of service since then; however, JJJ Broker did not object to lack of service prior to appearing as movant in Defendants' motion to dismiss (Rec. Doc. 34, filed August 5, 2025, *after* removal) and has therefore waived any objection to lack of service. F.R.C.P. Rule 12(h)(1); *Breen v. Knapp*, No. CV 22-3962, 2023 WL 3434984, at *2 (E.D. La. May 12, 2023). Thus, the Court shall consider JJJ Broker a viable Defendant.

As it stands procedurally, Ramirez/Nolan is an improperly joined Defendant whom the Court disregards, and the three removing Jerue Defendants have been dismissed. Therefore, the only remaining Defendant is JJJ Broker, against whom Plaintiff seeks to enforce the Tolling Agreement in order to remand the matter to Hidalgo County. However, Plaintiff voluntarily agreed to transfer the case to this venue (Rec. Doc. 51), raising another question of waiver.

---

[4]     Plaintiff argued in her Motion for Relief from Judgment that removal was defective without JJJ Broker's consent. Judge Crane held that JJJ Broker had not been served at the time of removal based on F.R.C.P. Rule 4. Plaintiff further argued that Judge Crane should have applied Texas procedural rules to determine whether service on JJJ Broker was proper; however, the state court record shows that JJJ Broker was unserved. (Rec. Doc. 1, p. 27). Plaintiff offered no evidence other than the Tolling Agreement. Even assuming JJJ Broker agreed to waiver of service in the Tolling Agreement, Texas procedural rules require affirmative documentation filed in the record. Tex. R. Civ. P. 119. No waiver was filed. Service on JJJ Broker was not perfected at the time of removal on April 11, 2025. Plaintiff apparently submitted an affidavit of service (dated February 19, 2025) in state court on August 7, 2025. (Rec. Doc. 67-10).

The Fifth Circuit has stated:

> For a contractual clause to prevent a party from exercising its right to removal, the clause must give a "clear and unequivocal" waiver of that right. A party may waive its rights by explicitly stating that it is doing so, by allowing the other party the right to choose venue, or by establishing an exclusive venue within the contract.

*City of New Orleans v. Mun. Admin. Servs., Inc.,* 376 F.3d 501, 504 (5th Cir. 2004) (citation omitted). Although the Jerue Defendants chose not to pursue their initially filed motion to transfer venue (Rec. Doc. 44), thereafter Plaintiff, "with consent of all Defendants," voluntarily moved to transfer to this Court. (Rec. Doc. 51). She thereby waived any argument based on the Tolling Agreement contemplating litigation in Hidalgo County.

Untangling the quagmire, the Court concludes that Plaintiff's own actions ultimately rendered her multi-tiered motions moot. By Plaintiff's own acknowledgment, Ramirez/Nolan and the three removing Jerue entities are no longer parties. Only her claims against JJJ Broker, a diverse defendant, remain. By her own motion to transfer the case to this Court, she cannot rely on the Tolling Agreement to remand the case to Hidalgo County.

## II.    Whether JJJ Broker should be dismissed at this point.

JJJ Broker moves pursuant to Rule 12(b)(6) to dismiss Plaintiff's sole remaining claim. When considering a motion to dismiss for failure to state a claim, the district court must limit itself to the contents of the pleadings, including any

10

attachments and exhibits thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir.2000); *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.,* 355 F.3d 370, 375 (5th Cir.2004). The court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir.2007). Conclusory allegations and unwarranted deductions of fact are not accepted as true. *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982); *Collins v. Morgan Stanley*, 224 F.3d at 498. The law does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). The allegations must be sufficient "to raise a right to relief above the speculative level," and "the pleading must contain something more …than…a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)).

JJJ Broker contends that Plaintiff's negligence claims are preempted by the Federal Aviation Authorization Administration Act (FAAAA). "[T]he doctrine of preemption is designed to foreclose a state cause of action that imposes different or additional requirements on a defendant when compared to federal requirements." *Hughes v. Bos. Sci. Corp.,* 631 F.3d 762, 771 (5th Cir. 2011).

11

> Preemption ultimately turns on congressional intent. Preemption may be express or implied. Under the implied preemption doctrines of field preemption and conflict preemption, a state claim is preempted where Congressional intent to preempt is inferred from the existence of a pervasive regulatory scheme or where state law conflicts with federal law or interferes with the achievement of federal objectives.

*Witty v. Delta Air Lines, Inc.,* 366 F.3d 380, 384 (5th Cir. 2004) (internal quotations and citations omitted). See also *Elam v. Kansas City S. Ry. Co.,* 635 F.3d 796, 803 (5th Cir. 2011).

JJJ Broker relies on 49 U.S.C. § 14501(c)(1), which provides that "a State, political subdivision of a State, or political authority of 2 or more States may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of any motor carrier…or any motor private carrier, broker, or freight forwarder with respect to the transportation of property."

Several courts have found the foregoing provision preempts state law negligence claims against brokers. See e.g. *Patterson v. Hunt Perfection LLC*, 768 F. Supp. 3d 781, 785 (S.D. Tex. 2025); *Aspen Am. Ins. Co. v. Landstar Ranger, Inc.*, 65 F.4th 1261, 1272 (11th Cir. 2023); *Hamby v. Wilson*, 6:23-cv-249-JDK, 2024 WL 2303850 at *4 (E.D. Tex. May 21, 2024). Conversely, some courts have found the FAAAA preemption provision does not bar negligence claims against brokers. E.g. *Lopez v. Amazon Logistics, Inc.,* 458 F. Supp. 3d 505 (N.D. Tex. 2020); *Meek v. Toor*, 2024 WL 943931, at *2 (E.D. Tex. Mar. 5, 2024); *Scott v. Milosevic*, 372 F. Supp. 3d 758, 769 (N.D. Iowa 2019); *Mann v. C.H. Robinson Worldwide, Inc.*, 2017

12

WL 3191516, at *7 (W.D. Va. July 27, 2017). "Other courts have found that, although § 14501's express preemption language does apply to state tort claims, such claims are saved from preemption by the safety regulatory exception." *Patterson*, 768 F. Supp. 3d at 785 (citing cases). The Fifth Circuit has not addressed the issue.

Notable among the pro-preemption cases is *Ye v. GlobalTranz Enterprises, Inc.*, 74 F.4th 453 (7th Cir. 2023), because the Supreme Court recently granted a petition for writ of certiorari on the issue before the Seventh Circuit. *Montgomery v. Caribe Transp. II, LLC*, 146 S. Ct. 79, 222 L. Ed. 2d 1241 (2025). Oral argument was held on March 4, 2026.

Plaintiff urges the Court to abstain from ruling on JJJ Broker's motion to dismiss until the Supreme Court decides whether the FAAAA preempts Plaintiff's negligence claim. Plaintiff argues for abstention in the practical sense rather than as based on a legal abstention doctrine (e.g. *Colorado River*, *Buford*, *Younger*, etc.). She simply asks the Court to delay deciding whether her claims are barred by preemption until the Supreme Court resolves the circuit split on the issue.

> The stay of a pending matter is ordinarily within the trial court's wide discretion to control the course of litigation, which includes authority to control the scope and pace of discovery. This authority has been held to provide the court the general discretionary power to stay proceedings before it in control of its docket and in the interests of justice. Even discretionary stays, however, will be reversed when they are immoderate or of an indefinite duration.

13

*In re Ramu Corp.,* 903 F.2d 312, 318 (5th Cir. 1990) (citations and quotations omitted).

The Supreme Court heard oral argument in *Montgomery v. Caribe Transport* on March 4, 2026. An opinion can reasonably be expected by July 2026. Considering that the only issue before the Court is determinative and will likely be definitively resolved within the next several months, the Court finds a stay is warranted. The Court recommends a stay until July 31, 2026, at which time the Court will allow supplemental briefing on Defendant's motion to dismiss and resolve the motion.

### **Conclusion**

For the reasons discussed herein, the Court recommends the following:

- Defendants' Motion to Dismiss (Rec. Doc. 34) be DEFERRED;

- Plaintiff's Motion for Abstention and Stay of Further Proceedings (Rec. Doc. 49), be GRANTED;

- Plaintiff's Motion for Reconsideration (Rec. Doc. 64) be DENIED;

- Rolando Ramirez, Jr. and Nolan Logistics, be DISMISSED WITHOUT PREJUDICE;[5]

---

[5] The Court acknowledges the parties' Tolling Agreement which contemplates dismissal of Ramirez/Nolan without prejudice; however, as discussed herein, Plaintiff has admitted in these proceedings that Ramirez/Nolan was improperly joined to these proceedings. The Court declines to dismiss Ramirez/Nolan with prejudice absent an opportunity for the parties to brief the issue. The Court reminds Plaintiff's counsel of Rule 11 obligations prior to filing another suit against Ramirez/Nolan.

14

- The case be STAYED until July 31, 2026. Either party may move to re-open the case thereafter or at any time after the Supreme Court issues a ruling in *Montgomery v. Caribe Transport*.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 18th day of March, 2026.

_____

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE

16